# STATE OF MICHIGAN

# COURT OF APPEALS

TRADEMARK PROPERTIES OF MICHIGAN,
L.L.C.,

        Plaintiff-Appellant,

v

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and BANK
OF AMERICA,

        Defendants-Appellees.

FOR PUBLICATION
November 18, 2014
9:10 a.m.

No. 313296
Oakland Circuit Court
LC No. 2011-122474-CH

Before: HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

WILDER, J.

In this action to quiet title to a condominium unit, plaintiff, Trademark Properties of Michigan, L.L.C., appeals as of right an order granting summary disposition in favor of defendants, Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America ("BOA"). We reverse.

I

On August 16, 2003, Earl F. Strickfaden obtained a mortgage loan from GMAC Mortgage Corporation. MERS was the mortgagee under the security instrument (the "MERS mortgage"). The lender's interest was subsequently transferred to MERS. Strickfaden defaulted on his obligation. The MERS mortgage was foreclosed by advertisement and Fannie Mae purchased the property at a sheriff's sale on May 11, 2010. The sheriff's deed was recorded with the register of deeds on May 20, 2010. It is undisputed that the property was never redeemed. The MERS mortgage was extinguished.[1]

---

[1] A second mortgage was held by Standard Federal Bank, N.A. and its successors. That mortgage was foreclosed by advertisement and BOA purchased that interest on May 25, 2010. See *Advanta Nat'l Bank v McClarty*, 257 Mich App 113, 124; 667 NW2d 880 (2003) ("[A]

-1-

On December 6, 2010, the association where the condominium unit was located, Manor Homes of Troy Association (MHTA), filed a notice of lien for non-payment of condominium assessments. The lien was not satisfied and MHTA foreclosed by advertisement. On February 15, 2011, plaintiff purchased the property at a sheriff's sale for $6,761.45, and then recorded the sheriff's deed with the register of deeds on February 22, 2011. The last day to redeem the property was August 15, 2011.

On August 9, 2011, before the redemption period for the MHTA foreclosure expired, an attorney for GMAC Mortgage Corporation, the lender for the MERS mortgage, recorded an affidavit purporting to expunge the May 11, 2010 sheriff's sale to Fannie Mae. The affiant averred that, by virtue of this Court's decision in an unrelated case, *Residential Funding Co, LLC v Saurman*, 292 Mich App 321; 807 NW2d 412 (2011), the May 11, 2010 sheriff's deed was void *ab initio*, thereby leaving the MERS mortgage in full force and effect.[2]

Plaintiff thereafter filed this action to quiet title to the property, alleging that the MERS affidavit could not effectively revive the previously extinguished MERS mortgage and thereby invalidate plaintiff's interest in the property. The parties filed cross-motions for summary disposition. On October 31, 2012, the trial court denied plaintiff's motion and granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). The trial court reasoned that, by filing the affidavit prior to the redemption period for the MHTA foreclosure, the MERS foreclosure was expunged and MERS's interest was superior to plaintiff's interest. The trial court also ruled that plaintiff failed to establish it was a bona fide purchaser, reasoning that plaintiff had notice because the affidavit was filed before the redemption period ended and plaintiff failed to pay sufficient value. Plaintiff appealed from this order.

II

A

As an initial matter, plaintiff contends that defendants lack standing to assert an interest in the property. We disagree. Whether a party has standing presents a question of law that this Court reviews de novo. *Manuel v Gill*, 481 Mich 637, 642-643; 753 NW2d 48 (2008). "The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to 'ensure sincere and vigorous advocacy.'" *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010), quoting *Detroit Fire Fighters Ass'n v Detroit*, 449 Mich 629, 633; 537 NW2d 436 (1995). That is, the objective of the standing requirements is "to insure that only those who have a substantial interest will be allowed to come into court to complain." *White Lake Improvement Ass'n v City of Whitehall*, 22 Mich App 262, 273; 177 NW2d 473 (1970). When a party's standing is challenged in a case, the question is whether that person is a proper party to request adjudication of the issue, not whether the issue is justiciable. *Lansing Sch*, 487 Mich at 355; *White Lake Improvement Ass'n*, 22 Mich App at 273 n 13. "Standing in

_____

purchaser at a foreclosure sale of a second mortgage takes the property subject to the first mortgage . . . .").

[2] At the time the affidavit was recorded, this Court's decision in *Residential Funding* was binding law, but subsequently, our Supreme Court reversed that decision. 490 Mich 909 (2011).

no way depends on the merits of the case." *Rogan v Morton*, 167 Mich App 483, 486; 423 NW2d 237 (1988); see also *Lansing Sch*, 487 Mich at 357. When a cause of action exists under law or where the Legislature expressly confers standing, those circumstances are sufficient to establish standing. *Id.*

In *Lansing Sch*, 487 Mich at 372, our Supreme Court delineated the following approach to determine whether a litigant has standing:

> We hold that Michigan standing jurisprudence should be restored to a limited, prudential doctrine that is consistent with Michigan's longstanding historical approach to standing. Under this approach, a litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [Footnotes omitted.]

MCL 600.2932(1) reflects the Legislature's intent to confer standing on individuals claiming an interest in real property. The statute authorizes "suits to determine competing parties' respective interests in land." *Republic Bank v Modular One LLC*, 232 Mich App 444, 448; 591 NW2d 335 (1998), overruled in part on other grounds in *Stokes v Millen Roofing Co*, 466 Mich 660; 649 NW2d 371 (2002). This litigation involves an action to quiet title filed by plaintiff because the parties dispute their respective interests in the condominium unit. Plaintiff's assertion that defendants cannot establish a superior interest in the property is premised on the merits of the litigation. Whether a party can succeed on the merits of the substantive claim is not the appropriate inquiry when reviewing standing. *Lansing Sch*, 487 Mich at 357, 359. Accordingly, we reject plaintiff's argument regarding standing.

B

Plaintiff maintains its claim to the property was superior to any claim of defendants, and contends that the trial court erred by ruling the MERS affidavit expunged the prior sheriff's sale to Fannie Mae and revived the previously extinguished MERS mortgage. . We agree.

Questions of law, actions to quiet title in equity, as well as decisions to grant or deny summary disposition, are reviewed de novo. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014); *Book-Gilbert v Greenleaf*, 302 Mich App 538, 542; 840 NW2d 743 (2013); *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011). Summary disposition is proper pursuant to MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." "[T]he plaintiff in a quiet-title action has the initial burden of establishing a prima facie case of title, [but] summary disposition in favor of the defendant is properly entered if the plaintiff fails to carry this burden." *Special Prop VI, LLC v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007) (citations omitted).

Foreclosure of a mortgage containing a power of sale is permissible by advertisement provided the proceedings are instituted in accordance with the statute. See *Masella v Bisson*, 359 Mich 512, 515; 102 NW2d 468 (1960). "A foreclosure of a mortgage extinguishes it . . . and the purchaser becomes the owner of an equitable interest in the mortgaged premises which ripens into a legal title if not defeated by redemption as provided by law." *Dunitz v Woodford Apartments Co*, 236 Mich 45, 49-50; 209 NW 809 (1926); see also *Senters Ottawa Savings Bank, FSB*, 443 Mich 45, 50; 503 NW2d 639 (1993) and MCL 600.3236. "Statutory foreclosures should not be set aside without some very good reasons therefor." *Markoff v Tournier*, 229 Mich 571, 575; 201 NW 888 (1925). A "strong case of fraud," irregularity, or "some peculiar exigency" is required to set aside a statutory foreclosure sale. *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 289; 807 NW2d 433 (2011) (citations and quotations marks omitted).

It is undisputed that the MERS mortgage was foreclosed by advertisement, that Fannie Mae purchased the property at a foreclosure sale and received a sheriff's deed for the property, and that the property was never redeemed. The foreclosure extinguished the MERS mortgage and, because the property was not redeemed, all rights, title, and interest in the property vested in Fannie Mae. *Dunitz*, 236 Mich at 49-50; MCL 600.3236. Afterward, plaintiff purchased and recorded Fannie Mae's interest in the property. Months later, in an affidavit recorded pursuant MCL 565.451a, MERS claimed the foreclosure by advertisement of its mortgage interest was void *ab initio* following *Saurman*. MCL 565.451a provides:

An affidavit stating facts relating to any of the following matters which may affect the title to real property in this state made by any person having knowledge of the facts or by any person competent to testify concerning such facts in open court, may be recorded in the office of the register of deeds of the county where the real property is situated:

(a) Birth, age, sex, marital status, death, name, residence, identity, capacity, relationship, family history, heirship, homestead status and service in the armed forced of parties named in deeds, wills, mortgages and other instruments affecting real property;

(b) Knowledge of the happening of any condition or event which may terminate an estate or interest in real property;

(c) Knowledge of surveyors duly registered under the laws of this state with respect to the existence and location of monuments and physical boundaries, such as fences, streams, roads and rights of way of real property;

(d) Knowledge of such registered surveyors reconciling conflicting and ambiguous descriptions in conveyances with descriptions in a regular chain of title;

(e) Knowledge of facts incident to possession or the actual, open, notorious and adverse possession of real property; or

(f) Knowledge of the purchaser, or in the case of a corporation, of its president, vice president, secretary or other duly authorized representative acting in a fiduciary or representative capacity, of real property sold upon foreclosure or conveyed in lieu of foreclosure of a trust mortgage or deed of trust securing an issue of bonds or other evidences of indebtedness, or of any mortgage, land contract or other security instrument held by a fiduciary or other representative, as to the authority of such purchaser to purchase the real property and as to the terms and conditions upon which the real property is to be held and disposed of.

MERS claims that the mere filing of an affidavit by a mortgagee attesting that a foreclosure sale was void *ab initio* establishes the mortgagee's interest in the foreclosed property. But we need not decide the effect of the filing of an affidavit where a foreclosure sale was void *ab initio* because, here, the foreclosure sale was not void.[3]

Again, in attesting that the foreclosure sale was void *ab initio*, MERS's affidavit relied on this Court's decision in *Saurman*, 292 Mich App 321. In *Saurman*, the defendants purchased and obtained financing for their respective properties from a financial institution. The mortgage instrument did not designated MERS as the mortgagee. *Id*. at 325-326. This Court held that MERS, as a mortgagee and not a noteholder, had no "interest in the indebtedness secured by the mortgage" under the foreclosure by advertisement requirements in MCL 600.3204(1)(d), and therefore MERS could not exercise the contractual right to foreclose by advertisement. *Id*. at 329-332. Because MERS lacked the ability to comply with the statutory requirements for foreclosure by advertisement, the foreclosure proceedings were void *ab initio*. *Id*. at 342. This Court's decision in *Saurman* was short-lived. Just as in *Saurman*, MERS was a mortgagee here and would have had no interest in the indebtedness under this Court's decision in that case. On November 16, 2011, however, our Supreme Court reversed this Court's *Saurman* decision and held that MERS's ownership of a security lien on the properties constituted an interest in the indebtedness that authorized it to foreclose by advertisement. *Saurman*, 490 Mich 909.

Even if the filing of the affidavit regarding *Saurman* had some effect on the interest in the property here, plaintiff promptly filed the quiet title action to challenge that affidavit. "[T]he purpose of an action to quiet title is to determine the existing title to property by removing any cloud therefrom." *Ingle v Musgrave*, 159 Mich App 356, 365; 406 NW2d 492 (1987). When the trial court resolved cross-motions for summary disposition, plaintiff presented a prima facie case of title based on the MHTA foreclosure and its purchase at the sheriff's sale for $6,761.45. The sole basis for MERS's assertion of a continued mortgage interest in the property—that the

---

[3] The recent case, *Connolly v Deutsche Bank Nat'l Trust Co*, unpublished opinion of the Sixth Circuit Court, issued September 9, 2014 (Docket No. 13–2522), is not binding on this Court, *Abela v Gen Motors Co*, 469 Mich 603, 607; 677 NW2d 325 (2004). Moreover, unlike this case where the foreclosure sale was not void despite the subsequently-filed affidavit that provided otherwise, *Connolly* involved a sheriff's sale that was inadvertently held, a mortgage that continued to encumber the property, and an affidavit that accurately provided notice of that continued encumbrance to interested persons.

MERS foreclosure sale was void *ab initio* under this Court's decision in *Saurman*—was no longer sustainable because our Supreme Court had reversed that decision nearly a year before. A trial court, like this Court, is bound by the doctrine of stare decisis to follow the decisions of our Supreme Court. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 447; 761 NW2d 846 (2008). Our Supreme Court's decision in *Saurman* compelled the trial court to conclude that there was no question of fact that the MERS mortgage was extinguished and plaintiff had the superior interest in the property.[4] Thus, the trial court erred in ruling that the MERS affidavit was effective in reviving the MERS mortgage, and in ruling that plaintiff's interest in the property was subordinate to the revived mortgage interest.

C

We reject Fannie Mae's alternative argument for affirmance of summary disposition in its favor that the foreclosure by advertisement proceeding commenced by MHTA to foreclose on its lien for unpaid condominium assessments was invalid because MHTA did not provide notice of the lien in accordance with MCL 559.208(3)(c), or because MHTA did not properly calculate the amount of the lien. MCL 559.208 governs foreclosure of condominium assessment liens and provides, in relevant part:

> (3) A foreclosure proceeding may not be commenced without recordation and service of notice of lien in accordance with the following:
>
> * * *
>
> (c) *The notice of lien* shall be recorded in the office of register of deeds in the county in which the condominium project is located and *shall be served upon the delinquent co-owner by first-class mail, postage prepaid, addressed to the last known address of the co-owner at least 10 days in advance of commencement of the foreclosure proceeding*. [Emphasis added.]

Although Fannie Mae asserts that it did not receive "actual notice" of the MHTA lien, the statute does not require a showing of actual notice, but instead provides that notice must be sent by first-class mail "to the last known address of the co-owner at least 10 days in advance of

---

[4] We note that resolution of the parties' competing property interests does not depend on plaintiff's status as a bona fide purchaser for value. Under this statute, a party's status as a bona fide purchaser for value is relevant only when there has been a previously unrecorded conveyance. MCL 565.29. None of the alleged property interests at issue in this case were unrecorded. Further, to the extent that MERS asserts a superior interest in the property pursuant to its affidavit, that affidavit was recorded *after* plaintiff recorded its sheriff's deed. Because plaintiff's sheriff's deed was recorded first, and because a party's status as a bona fide purchaser for value is relevant only where there has been a prior unrecorded conveyance, an examination of the parties' competing property interests does not depend on plaintiff's status as a bona fide purchaser for value. As such, we decline to address Fannie Mae's argument that, because plaintiff allegedly did not pay "adequate value" for the property, it is not a bona fide purchaser.

commencement of the foreclosure proceeding."  The MHTA complied with this requirement by sending notice of the lien to the address listed in the sheriff's deed that was issued to Fannie Mae. *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 429; 617 NW2d 536 (2000).[5]

Fannie Mae's contention that the amount of the lien was improperly calculated is based on its position that it could not be held responsible for any condominium assessments that arose after it was issued the sheriff's deed, but before the redemption period expired.  Given this Court's recent decision rejecting the same argument in *Wells Fargo Bank v Country Place Condo Ass'n*, 304 Mich App 582, 590-592; 848 NW2d 425 (2014) (holding that a purchaser at a foreclosure sale is liable for assessments arising after issuance of the sheriff's deed), this claim of error fails.

In light of our decision, it is unnecessary to address plaintiff's remaining issues on appeal.

Reversed.  Plaintiff, as the prevailing party on appeal, may tax costs pursuant to MCR 7.219.

/s/ Kurtis T. Wilder
/s/ Joel P. Hoekstra
/s/ Karen M. Fort Hood

---

[5] We note that our Supreme Court's decision in *Smith* was partially abrogated by the United States Supreme Court's decision in *Jones v Flowers*, 547 US 220, 225; 126 S Ct 1708; 164 L Ed 2d 415 (2006), which held that in order to satisfy constitutional due process requirements, "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so."  But unlike *Smith* and *Jones*, the present case does not involve state action in a foreclosure by a governmental entity.  Thus, it is questionable whether the same due process concerns apply.  Regardless, the guiding principle of *Jones* is "that notice must be 'reasonably calculated' to apprise interested parties of the action and to provide them an opportunity to be heard." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 515; 751 NW2d 453 (2008).  Here, the MHTA sent the notice of lien to the address that Fannie Mae listed in its sheriff's deed, and there is no evidence that the MHTA had knowledge of any facts suggesting that this notice was not reasonably calculated to reach Fannie Mae.  Accordingly, defendants failed to establish a question of fact regarding the MHTA's compliance with the statutory notice requirement.