# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT MIEHLKE and GEORGE LAFATA,

        Plaintiffs/Counter Defendants-
        Appellees,

v

BAYVIEW CONDOMINIUM ASSOCIATION
OF MANISTEE,

        Defendant/Counter Plaintiff-
        Appellant,

and

COMMUNITY SHORES BANK,

        Defendant/Counter
        Defendant/Third-Party Plaintiff,

and

LINDEN COURT CORP, DENNIS W. DUNLAP,
LINDA L. DUNLAP, JOHN D. CICHY, and
KAREN F. CICHY,

        Defendants/Counter Defendants,

and

SAFE TITLE, INC.,

        Third Party Defendant/Third-Party
        Plaintiff,

and

OSBORN ABSTRACTING SERVICES NORTH,
INC.,

        Third Party Defendant/Third-Party
        Plaintiff-Appellee,

and

UNPUBLISHED
February 14, 2017

No. 330521
Manistee Circuit Court
LC No. 14-015337-CH

-1-

MARY KLUECK,

        Third-Party Defendant.

_____

Before:  MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Bayview Condominium Association of Manistee (Bayview) appeals the trial court's order of dismissal, arguing that the trial court improperly found that Bayview no longer held a mortgage interest on the property in question.  We affirm.

This case involves real property located in Manistee.  When it obtained title to the property, defendant Linden Court Corporation (Linden) granted a mortgage to defendant Community Shores Bank (CSB).  Years later, Linden granted a second mortgage to defendant-appellant Bayview; the second mortgage was junior to the one held by CSB.  Both mortgages were properly recorded.  Linden subsequently defaulted on the CSB mortgage and CSB foreclosed by advertisement.  CSB purchased the property at a sheriff's sale, and received a sheriff's deed on October 20, 2011.  Because CSB purchased the property for less than what remained on the original mortgage, Bayview's junior interest was extinguished.

On September 20, 2013—nearly two years later—CSB recorded an affidavit of scrivener's error, alleging that the legal description of the property contained in the sheriff's deed was erroneous.  The notice attached to the sheriff's deed contained the following legal description:

> Part of Government Lot 3, Section 1, Township 21 North, Range 17 West, City of Manistee, Manistee County, Michigan; Commencing at a point here the East line of Arthur Street intersects the South line of the North 2/3 of said Government Lot; thence North 11°08'14" East 250.13 feet for the Point of Beginning; thence North 11°08'14" East 88.71 feet; thence North 14°58'21" East 61.29 feet; thence South 78°51'46" West 118 feet to the Point of Beginning.

The CSB mortgage, however, contained the following legal description:

> PART OF GOVERNMENT LOT THREE (3), SECTION ONE (1), TOWNSHIP TWENTY-ONE (21) NORTH, RANGE SEVENTEEN (17) WEST; COMMENCING AT A POINT WHERE THE EAST LINE OF ARTHUR STREET INTERSECTS THE SOUTH LINE OF THE NORTH 2/3 OF SAID GOVERNMENT LOT; THENCE NORTH 11°08'14" EAST 250.13 FEET FOR POINT OF BEGINNING; THENCE NORTH 11°08'14" EAST 88.71 FEET; THENCE NORTH 14°58'21" EAST 61.29 FEET; THENCE SOUTH 78°51'46"

*EAST 146.87 FEET; THENCE SOUTH 23°32'40" WEST 153.46 FEET;*
*THENCE NORTH 78°51'46"* WEST 118 FEET TO POINT OF BEGINNING.[1]

The affidavit purported to correct the omissions from the earlier notice.

Subsequently, CSB contracted to sell the property to plaintiff Robert Miehlke. The initial contract listed Miehlke as the buyer and CSB as the seller. CSB executed, as the seller, addendums to this contract on December 4 and 5, 2013.

It is evident that either CSB, one or both of the plaintiffs, or all three parties became concerned that the affidavit of scrivener's error was not sufficient to fix the description in the sheriff deed. On December 20, 2013, CSB executed another document that stated in relevant part that CSB "hereby **rescinds** the Sheriff's Sale." On December 27, 2013, Linden and plaintiffs executed a third addendum to the CSB contract, listing both plaintiffs as buyers and Linden as the seller. Also on December 27, 2013, Linden, through its representative Dennis Dunlap, executed a warranty deed granting the property to the plaintiffs. CSB recorded its purported rescission of the Sheriff's sale on January 3, 2014.

Bayview informed plaintiffs that, in its view, CSB's rescission was valid and, as a result, Bayview's junior interest in the property was revived. Plaintiffs subsequently filed a declaratory action to clarify who held what interests in the property.

At a deposition, Dunlap stated that he talked to representatives from CSB who informed him that they had an offer to buy the property and that Dunlap would need to be involved in the closing. Dunlap stated that he did not understand what his role in the process was. Specifically, Dunlap said:

> We had previously I thought given the bank all of our interest. And we were working with the bank cooperatively to do the best we could to, you know, satisfy our debt. So what they wanted me to do was what they wanted me to do. And so that was basically my take on things and how I was approaching it. I was trying to help the bank unwind Linde Court's involvement with them.

Dunlap further stated that he did not know what the terms of the sales contract were, that he did not really know what it meant when he executed a "Deed in Lieu of Foreclosure," that nobody explained why he was executing a warranty deed, and that he thought CSB was the seller of the property.

In another deposition, Michael Wood, Bayview's president, testified that Bayview was informed of the foreclosure proceedings pursuant to CSB's mortgage and that he went to the mortgage sale but did not bid. He also testified that he recognized the errors in the legal

---

[1] We have italicized the calls that were omitted from the legal description contained in the foreclosure notice.

description on the sheriff's deed, but that it did not have an effect on Bayview's decision not to redeem the property.

Plaintiffs moved for summary disposition pursuant to MCR 2.116(C)(10), seeking to have the trial court declare that Bayview no longer held a mortgage interest in the property. Plaintiffs argued that the foreclosure sale discharged Bayview's junior mortgage upon expiration of the redemption period. According to plaintiffs, the foreclosure was valid because the legal description contained in the notice of foreclosure was substantially similar to the legal description contained in the mortgage. Thus, plaintiffs argued, because the foreclosure was valid, it cannot be expunged by an affidavit filed after the redemption period expired. Bayview argued to the contrary that the rescission of the sheriff's sale was effective. Bayview asserted that a mortgagee can extend the redemption period, even after the period has expired, and that CSB and Linden did so in this case, thereby resurrecting Bayview's junior mortgage.

The trial court granted plaintiffs' motion. The court found that the original notice of foreclosure was not defective because the legal description contained therein was substantially the same as the legal description contained in the mortgage. The court also found that Bayview was not prejudiced by the errors contained in the notice. Thus, the court concluded that the foreclosure sale was valid and could not be set aside by an affidavit. Bayview appeals, arguing, on the same grounds as it did below, that the trial court erroneously granted summary disposition in plaintiffs' favor.

"Questions of law, actions to quiet title in equity, as well as decisions to grant or deny summary disposition, are reviewed de novo." *Trademark Prop of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132; 138; 863 NW2d 344 (2014). A summary-disposition motion pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014). The trial court should grant the motion if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When evaluating the motion, the court must consider "the affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." MCR 2.116(G)(5). "In deciding a motion brought under subrule (C)(10), a court considers all the evidence, affidavits, pleadings, and admissions in the light most favorable to the nonmoving party." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 291; 778 NW2d 275 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

A mortgagee may foreclose on a mortgage by advertisement, but the proceedings must be instituted according to the foreclosure statutes. *Trademark Prop of Mich*, 308 Mich App at 138. A proper foreclosure sale extinguishes the mortgage and the purchaser becomes the owner of an equitable interest in the property subject only to the right of redemption. *Id*. at 138-139. If the mortgagor or other interest holder does not redeem, this interest ripens into legal title and destroys all junior interests in the property. *Id*.

By statute, every notice of foreclosure by advertisement must include a "description of the mortgaged premises that substantially conforms with the description contained in the

mortgage." MCL 600.3212(d). "The property to be sold must be described in the notice with such a reasonable degree of certainty that the public by the exercise of ordinary intelligence may be enabled to identify it, and may be directed to the means of obtaining an exact description if desired." *Provident Mut Life Ins Co of Philadelphia v Vinton Co*, 282 Mich 84, 88; 275 NW 776 (1937).

This Court has held that a defect in notice renders a foreclosure sale voidable, not void.

*Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 502; 739 NW2d 656 (2007) (internal quotation marks and citation omitted). To set aside a foreclosure sale, the party opposing that sale "must show that they were prejudiced" by the defect in notice. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent" the defect. *Id*. at 115-116. The trial court should not set aside a foreclosure sale absent "a strong case of fraud or irregularity, or some peculiar exigency." *Kubicki v Mtg Electronic Registration Sys*, 292 Mich App 287, 289; 807 NW2d 433 (2011) (internal quotation marks and citation omitted).

In this case, the trial court properly concluded that the legal description contained in the notice substantially conformed to the description contained in the mortgage, and that, even if the notice was defective, no party seeking to set aside the foreclosure sale suffered any harm as a result. The legal description contained in the notice left out some calls that were in the legal description contained in the mortgage. The result was that this description only described part of the property, not the entire parcel. However, because this notice correctly referenced part of the property, and because the correct legal description was contained in the mortgage, a person of ordinary intelligence would be able to identify the property and obtain an exact description if desired. Accordingly, the description was not legally deficient.

Even if it were deficient, Bayview had actual notice of the foreclosure sale and its representative attended that sale. Indeed, Bayview's president testified that Bayview would not have done anything differently had the notice contained the correct legal description. Additionally, no party provided the trial court with any evidence that the missing information precluded any interested party from attempting to purchase the property or that the missing information affected the results of the foreclosure sale in any way. Accordingly, no party has shown any prejudice from this description.

Therefore, we agree with the trial court that the foreclosure sale was valid. This sale extinguished both Linden's and Bayview's interest in the property and rendered CSB its legal owner. Because the foreclosure sale involved here was not void, CSB's subsequent "rescission" of that sale was therefore ineffective. See *Trademark Prop of Mich*, 308 Mich App at 142 (concluding that a mortgagee's filing an affidavit that a foreclosure sale is void does not revive a previously extinguished mortgage if the foreclosure sale was valid). Accordingly, because Linden owned no interest in the property at the time of its purported transfer of the property to plaintiffs, we conclude that the trial court properly determined that CSB was the legal owner of the property.

On appeal, Bayview argues that CSB's "rescission" of the foreclosure sale was not in fact an attempt to rescind the sale as void but rather an agreement between Linden and CSB to extend the redemption period. The document CSB recorded does not, however, make any reference to a redemption period. Moreover, no representative from Linden signed this document and, when deposed, Linden's representative did not testify to any redemption agreement. Rather, he stated that he thought that CSB owned all the interest in the property, that he thought CSB was the seller of the property, and that he did not really understand why he was executing the documents. Accordingly, we conclude that the record clearly shows that CSB and Linden did not agree to extend the redemption period.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle