NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0158n.06

No. 16-2160

**FILED**
Mar 14, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JANICE POTTER, et al. | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILMINGTON SAVINGS FUND, et al. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:    KEITH, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge.  Plaintiffs Janice and David Potter brought a quiet-title suit against Wilmington Savings Fund and Bank of America, the current and former mortgagees, respectively, of the Potters' home.  The Potters faced foreclosure in 2010.  Their house was sold at a sheriff's sale and their mortgage was extinguished.  However, in 2014 Bank of America recorded an affidavit under Michigan law, purporting to expunge the sheriff's sale and reinstate the mortgage, thereby setting aside the foreclosure.  The Potters now argue that this affidavit succeeded in expunging the sheriff's sale but failed to reinstate the mortgage.  Therefore, the Potters contend, they now own the house outright, unencumbered by a mortgage.

The district court dismissed the Potters' quiet-title claim, concluding that the affidavit both expunged the sale and reinstated the mortgage, such that the Potters own the property encumbered by a mortgage.  As the court further reasoned, even if the affidavit were invalid, the

affidavit would be invalid in its entirety, neither expunging the sale nor reinstating the mortgage, such that the Potters would now be living on the property with no title at all. The district court's reasoning was correct: in either event, no quiet-title relief was warranted.

Janice and David Potter recorded a mortgage for their home in February 2007. A few years later, the Potters ran into financial difficulty. They defaulted on their mortgage in March 2009 and filed for Chapter 7 bankruptcy in June 2009. As a result of the bankruptcy, the Potters' personal obligations for their mortgage were discharged, although the property remained encumbered by the mortgage.

After the bankruptcy, the original mortgagee assigned its interest in the property to BAC Home Loans Servicing, L.P. BAC initiated foreclosure proceedings against the Potters' property. BAC ended up purchasing the property itself by sheriff's deed in March 2010. The Potters did not redeem the property. BAC then transferred title of the property to Fannie Mae by quitclaim deed. Fannie Mae, in turn, transferred title to Bank of America, also by quitclaim deed. Bank of America is therefore the successor by merger to BAC, as well as the first defendant in this case.

Around 2012, the Potters allegedly sought rescission of the sheriff's deed, which would have reinstated the mortgage but also allowed them to be reviewed for a loan modification or another loss-mitigation alternative. To this end, in April 2012, Bank of America executed an "Affidavit Expunging Sheriff's Deed on Mortgage Filed Pursuant to MCLA 565.451a." Through this affidavit, Bank of America declared:

. . .

4.      That MORTGAGEE will not rely on said foreclosure sale and will treat such sale as having not been held and void.

5.      That MORTGAGEE wishes this Affidavit to be recorded in order to correct record title and to show that the Sheriff's Deed dated March 31, 2010 . . . is hereby expunged, and that the mortgage recorded on February 2, 2007 . . . is in full force and effect.

Section 565.451a of the Michigan Compiled Laws allows "any person having knowledge of the facts" to record an affidavit "stating facts relating to ... [k]nowledge of the happening of any condition or event which may terminate an estate or interest in real property." M.C.L. § 565.451a(b). As will be discussed in greater detail below, it is the practice in Michigan to use M.C.L. § 565.451a to record affidavits that expunge a previous foreclosure sale and reinstate a mortgage. Thus, Bank of America's affidavit under M.C.L. § 565.451a was intended to restore the status quo before the March 2010 sheriff's sale, with the Potters again as mortgagors but Bank of America as the new mortgagee. The Potters apparently did not make any payments on their reinstated mortgage and continued to live in the house.

In March 2014, Bank of America assigned its interest in the property to the Wilmington Savings Fund, as a trustee of the Primestar-H Fund 1 Trust. Wilmington Savings is the second defendant in this case.

Wilmington Savings initiated another foreclosure on the property in October 2014. In response, the Potters filed a quiet-title complaint in Michigan state court against Wilmington Savings Fund, launching this litigation. The Potters also joined Bank of America, which, as a citizen of North Carolina for diversity purposes, removed the case to federal court. After discovery, both defendants moved for summary judgment.

In opposition to the defendants' motion for summary judgment, the Potters made the legal argument they now make on appeal. The Potters argued that the sheriff's sale by BAC in March 2010 extinguished their mortgage. Therefore, BAC, as the purchaser of the property as well as the mortgagee, took unencumbered title to the property. BAC then transferred this title to Bank of America. Thus, when Bank of America declared in Paragraph Four of the affidavit that it "will not rely on said foreclosure sale and will treat such sale as having not been held and void," it was in effect giving title back to the Potters. However, although the Potters accept the validity of Paragraph Four of the affidavit expunging the sale, they deny the validity of Paragraph Five's reinstatement of the mortgage, arguing that Bank of America cannot unilaterally declare that the mortgage is "in full force and effect." The Potters contend that because Paragraph Four of the affidavit is valid but Paragraph Five is not, Bank of America gave the Potters back their property but failed to reinstate the mortgage, such that the Potters now own the property free of any mortgage.

The district court rejected the Potters' argument. Although the court acknowledged some problems with the use of M.C.L. § 565.451a affidavits to reinstate mortgages, it concluded that the affidavit was at most voidable by the benefited party—Bank of America—and in any event, could not be "split up" so that it succeeded in giving the Potters back the property but failed in reinstating the mortgage. The court concluded that "[a]ny other result means that the Potters get a free house, which I think is just not saleable."

The Potters now appeal, but their argument lacks merit.

Michigan case law demonstrates that that a mortgagee can use an affidavit filed pursuant to M.C.L. § 565.451a to *both* expunge a sheriff's sale *and* revive a mortgage, returning two parties to the status quo before a sale. For example, this case is on all fours with *Freund v. Trott*

*& Trott, P.C.*, where a mortgagee foreclosed on a piece of property, but then executed an "Affidavit Expunging Sheriff's Deed on Mortgage Sale" asserting that it "will not rely on said foreclosure sale and will treat such sale as having not been held and void ab initio." No. 299011, 2011 WL 5064248, *2 (Mich. Ct. App. Oct 25, 2011) (per curiam). Based on this affidavit, the Michigan Court of Appeals concluded that foreclosure had been set aside, in effect both expunging the sale and reinstating the mortgage. *Id.* It apparently did not even occur to the court to give effect to the provision of the affidavit expunging the sale but not the provision reinstating the mortgage.

*Freund* is not an isolated case. In *Cordes v. Great Lakes Excavating & Equip. Rental*, the Michigan Court of Appeals upheld an affidavit under M.C.L. § 565.451a whereby the mortgagor agreed to undo the discharge of a mortgage. No. 304003, 2012 WL 2052789, *2 (Mich. Ct. App. 2012). Again, based on this affidavit, the court concluded that the discharge had been set aside, in effect reinstating the mortgage. *Id.* Again, there was no suggestion that only the discharge could be expunged by affidavit, but the mortgage could not be reinstated. Similarly, in *Davis v. GMAC*, the Michigan Court of Appeals gave effect to the mortgagee's act whereby it "rescinded the foreclosure, expunged the sheriff's deed, and reinstated plaintiff's mortgage." No. 307721, 2014 WL 2751046, *3 (Mich Ct. App. June 17, 2014). Although the *Davis* opinion is silent as to whether this expungement and reinstatement was accomplished by an affidavit under M.C.L. § 565.451a, the case at least stands for the proposition that expungement and reinstatement can be accomplished simultaneously. Relying on these Michigan cases, federal courts in this circuit also have upheld such affidavits that both expunge a sale and reinstate a mortgage. For example, in *Wuori v. Wilmington Savings Fund Society*, this court held that an affidavit under M.C.L. § 565.451a could both expunge a sheriff's sale and revive a mortgage. 2016 WL 7378407 at *4

(6th Cir. Dec. 20, 2016); *see also Connolly v. Deutsche Bank Nat. Trust Co.*, No. 12–12517, 2013 WL 4084742, \*5-\*6 (E.D. Mich. Aug. 13, 2013), *aff'd in Connolly v. Deutsche Bank Nat. Trust Co.*, 581 F. App'x 500, 505-06 (6th Cir. 2014).

True, the cases set forth above are not from the Michigan Supreme Court, which should be the first source of state law for a federal court sitting in diversity, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, when a state's highest court has not addressed a particular issue, a federal court may rely on a state's lower courts as well as other federal courts construing state law in order to ascertain how the highest state court would rule if were faced with that issue. *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). Here, caselaw from the Michigan Court of Appeals and federal courts applying Michigan law indicates that the Michigan Supreme Court would hold that an affidavit under M.C.L. § 565.451a can both expunge a sheriff's sale and revive a mortgage.

Therefore, this court must agree with the district court's conclusion that the Bank of America affidavit is valid, such that the Potters have title to the property but Wilmington is the mortgagee. The Potters were not entitled to quiet-title relief.

The Potters seek to resist this reading of Michigan law. Their argument relies almost entirely on a single Michigan Court of Appeals case: *Trademark Properties of Michigan, LLC v. Federal Nat. Mortg. Assn.*, 863 N.W.2d 344 (Mich. Ct. App. 2014). In *Trademark*, the court reasoned that "A foreclosure of a mortgage extinguishes it . . . and the purchaser becomes the owner of an equitable interest in the mortgaged premises which ripens into a legal title if not defeated by redemption as provided by law." *Id.* at 349 (citing *Dunitz v. Woodford Apartments Co.*, 209 N.W. 809, 810 (Mich. 1926)). The court further reasoned that "'[s]tatutory foreclosures should not be set aside without some very good reasons therefor.' A 'strong case of fraud,'

irregularity, or 'some peculiar exigency' is required to set aside a statutory foreclosure sale." *Id.* (citing *Markoff v. Tournier*, 201 N.W. 888 (Mich. 1925); *Kubicki v. Mtg. Electronic Registration Sys.*, 807 N.W.2d 433 (Mich. Ct. App. 2011). After quoting this language, the *Trademark* court held that the affidavit in that case setting aside a foreclosure was invalid. *Id.* at 350-51. Because that affidavit was also recorded under M.C.L. § 565.451a, the Potters argue that *Trademark* generally prevents reinstatement of a mortgage by affidavit under M.C.L. § 565.451a.

However, the Potters' reliance on *Trademark* is misplaced. First of all, the *Trademark* court appears to have set aside the entire foreclosure, *see id.* at 350, thereby both expunging the sale and reinstating the mortgage. Therefore, even if *Trademark* can be read for the proposition that affidavits under M.C.L. § 565.451a cannot set aside an entire foreclosure, it does not support the Potters' preferred outcome that such an affidavit can set aside half a foreclosure, i.e., expunge the sale but not reinstate a mortgage.

Second, unlike the cases set forth above, *Trademark* involved an affidavit that was invalid for an independent reason. In order to justify voiding the sheriff's sale, the mortgagee's affidavit cited an unrelated Michigan Court of Appeals Case that held that the particular type of foreclosure employed was void. *See Residential Funding Co., LLC v. Saurman*, 807 N.W.2d 412 (Mich. Ct. App. 2011) ("*Saurman I*"). However, in the time between the recording of this affidavit and the decision in *Trademark*, the Michigan Supreme Court reversed the Michigan Court of Appeals, holding that the particular type of foreclosure employed could be valid. *See Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 183 (Mich. 2011) ("*Saurman II*"). Even though the *Trademark* court cited language suggesting that foreclosure cannot be set aside by affidavit, the court ultimately chose to decide the case on this discrepancy between *Saurman I* and *Saurman II*, reasoning "we need not decide the effect of the filing of an affidavit when a

foreclosure sale was void ab initio because, here, the foreclosure sale was not void." *Trademark*, 863 N.W.2d at 350. In other words, *Trademark* did not hold that affidavits cannot set aside a foreclosure, but only that a particular affidavit was invalid for an independent reason. Therefore, *Trademark* cannot support the Potters' argument against *Freund*, *Cordes*, and *Davis*.

Moreover, even assuming that the affidavit under M.C.L. § 565.451a was invalid for some reason, then the property would not have been lawfully returned to the Potters, and quiet-title relief would not be warranted. We are cited no authority to the contrary in that regard.

For these reasons, we affirm the judgment of the district court dismissing the Potters' quiet-title suit.