# STATE OF MICHIGAN

# COURT OF APPEALS

SHERRY ACOFF and EMERSON ACOFF,

        Plaintiffs-Appellants,

v

US BANK NATIONAL ASSOCIATION, Trustee
for RESIDENTIAL ASSET SECURITIES CORP
HOME EQUITY MORTGAGE ASSET-BACKED
PASS-THROUGH CERTS,

        Defendant-Appellee.

UNPUBLISHED
October 31, 2017

No. 332717
Wayne Circuit Court
LC No. 15-007454-CH

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) in this action involving a mortgage foreclosure. We affirm.

Plaintiffs argue that the trial court erred by granting defendant's motion for summary disposition because there are genuine issues of material fact regarding whether defendant provided proper notice of the foreclosure, which constitutes an irregularity in the proceeding, and whether plaintiffs established prejudice. We disagree.

The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). "We review de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(8)." *Lakin v Rund*, 318 Mich App 127, 130-131; 896 NW2d 76 (2016). The *Lakin* panel further observed:

> Such a motion tests the legal sufficiency of a claim and must be determined on the basis of the pleadings alone. All factual allegations supporting the claim and any reasonable inferences that can be drawn from the facts are accepted as true. A motion under MCR 2.116(C)(8) should only be granted when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. [*Id*. at 131 (citations omitted).]

"Foreclosure of a mortgage containing a power of sale is permissible by advertisement, provided the proceedings are instituted in accordance with the foreclosure statutes." *Trademark*

-1-

*Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 138; 863 NW2d 344 (2014). MCL 600.3208 provides:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

"Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit," *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), which in this case was six months, MCL 600.3240(8). In *Bryan*, 304 Mich App at 711, the mortgagor, who admitted that the redemption period had expired absent any redemption effort by her, alleged fraud or irregularity in the foreclosure process as part of her quiet title action. This Court, relying on unpublished opinions and the language in MCL 600.3236, held "that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim." *Id.* at 715. Here, plaintiffs also failed to act during the redemption period; however, we decline to resolve this case on the basis of standing, as it is unnecessary to do so and the trial court never reached the issue.[1]

In *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014), this Court, citing *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012), stated:

> The *Kim* decision established that a mortgagor seeking to set aside a foreclosure by advertisement must allege facts to support three essential elements of the claim: (1) fraud or irregularity in the foreclosure procedure, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice, i.e., that the mortgagor would have been in a better position to preserve the property interest absent the fraud or irregularity. [Citation omitted.]

---

[1] We note this Court's observation in *Mfrs Hanover Mtg Corp v Snell*, 142 Mich App 548, 553; 370 NW2d 401 (1985), that "[t]he Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." (Citations omitted.) Summary proceedings are only initiated after a redemption period expires and the mortgagor has not vacated the property. See also *Cruz v Capital One, NA*, 192 F Supp 3d 832, 838 (ED Mich, 2016) (effectively rejecting *Bryan*, ruling that "[t]he idea that the expiration of the redemption period time divests a Court of the power and authority to adjudicate the claim because the plaintiffs have no standing is foreign to Federal jurisprudence"). That said, *Bryan* is binding precedent. MCR 7.215(J)(1).

The trial court properly found that plaintiffs failed to state a claim to set aside the foreclosure by advertisement. Even if plaintiffs sufficiently alleged an irregularity in the foreclosure procedure by claiming that defendant failed to post a notice in a conspicuous place on the property, they failed to allege prejudice or a causal connection in their complaint. Indeed, plaintiffs do not even argue on appeal that the trial court erred for purposes of MCR 2.116(C)(8) with respect to finding a failure to allege prejudice or a causal relationship. See *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015) ("When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant."). Plaintiffs merely alleged that "as a result of the conduct of the Defendant the subject property may end up in the name of Defendant." They did not assert until their response to defendant's motion for summary disposition that, if they had received proper notice, they would have filed a motion for a temporary restraining order to stop the sheriff's sale, filed a motion to convert the foreclosure by advertisement into a judicial foreclosure, or obtained a conventional mortgage.

Plaintiffs argue that there were genuine issues of material fact regarding whether defendant posted a notice at the property under MCL 600.3208, or complied with MCL 600.3204. The trial court did not, however, grant summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact).[2] With regard to plaintiffs' claim that defendant violated MCL 600.3204, this was not alleged in their complaint,[3] but was first asserted in their response to defendant's motion for summary disposition.[4] Moreover, even if plaintiffs sufficiently alleged an irregularity in the proceedings under MCL 600.3204, they failed to allege prejudice or causation. Therefore, the trial court did not err by finding that plaintiffs failed to state a claim.

Next, plaintiffs argue that the trial court erred by denying their motion for reconsideration. They contend that the trial court's failure to consider relevant caselaw and the parties' prior negotiations constituted a "palpable defect" that justified reconsideration of the trial court's order granting defendant summary disposition. We disagree.

"This Court reviews a trial court's decision regarding denial of a motion for rehearing or reconsideration for an abuse of discretion." *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 540; 687 NW2d 143 (2004). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Rental Props Owners Ass'n of Kent Co v*

---

[2] It appears that the sheriff's deed and the attached affidavit attesting to the fact that a notice was posted at the property on July 7, 2014, were recorded by the register of deeds. Because they were recorded, the affidavits are "presumptive evidence of the facts therein contained." MCL 600.3264. And the affidavit by plaintiff Sherry Acoff, wherein she averred that she never saw any posted notice, is not duly notarized.

[3] Plaintiffs merely alleged that "the actions of the Defendant was [sic] intentionally designed to preclude the Plaintiffs from entering into a Loan Modification and keep possession of their home."

[4] Furthermore, the provisions cited by plaintiff were repealed before the notices were posted in this case. See 2014 PA 125 and 2012 PA 521.

*Kent Co Treasurer*, 308 Mich App 498, 531; 866 NW2d 817 (2014) (citation and quotation marks omitted). MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Plaintiffs argue that the trial court apparently failed to consider *Kim* and the parties' prior negotiations. Although plaintiffs correctly assert that *Kim* establishes that violations of MCL 600.3204 may constitute fraud or irregularity, *Kim*, 493 Mich at 115, plaintiffs failed to allege prejudice or causation in their complaint; therefore, the trial court properly ruled that plaintiffs failed to state a claim on which relief may be granted. Further, the evidence of prior negotiations between the parties did not establish a palpable error in the trial court's ruling. The communications produced by plaintiffs did not change the fact that plaintiffs' allegations failed to state a claim for relief. Moreover, as the trial court found, the communications did not establish any misrepresentations that would establish fraud or prejudice. Thus, the trial court did not abuse its discretion by denying plaintiffs' motion for reconsideration.[5]

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[5] In ruling on plaintiffs' motion for reconsideration, the trial court stated that there were no genuine issues of material fact, even though it had previously granted summary disposition under MCR 2.116(C)(8). Nonetheless, this Court "will not reverse when the lower court reaches the correct result, albeit for the wrong reason." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 316 Mich App 265, 278; 891 NW2d 233 (2016).