*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAKYRA LASHAE CARTER,

        Plaintiff-Appellant,

UNPUBLISHED
February 1, 2024

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Defendant-Appellee.

No. 364008
Wayne Circuit Court
LC No. 21-003109-NF

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the final order clarifying the trial court's grant of summary disposition to defendant. Plaintiff also challenges the trial court's earlier order granting summary disposition under MCR 2.116(C)(6) (another action initiated between same parties involving same claim) and MCR 2.116(C)(10) (genuine issue of material fact), to defendant. The trial court found that plaintiff lacked standing to bring suit against her insurance company because she had assigned her right to recover to her various medical providers. We affirm.

## I. FACTS

On November 2, 2020, plaintiff was involved in a motor vehicle collision and, as a result, suffered injuries requiring medical treatment and services. At the time, plaintiff had a personal protection insurance (PIP) policy with defendant. Plaintiff entered into assignments with multiple medical providers, including A One Rehab LLC (A One), Michigan Diagnostic Center (Michigan Diagnostic), and TJ Medical Supplies LLC (TJ Medical).[1]

---

[1] Michigan Diagnostic, as an assignee of plaintiff, brought suit against defendant in the 15th District Court on December 10, 2020, for unpaid medical bills and breach of contract, Case No. 20-10207-GC. This case was dismissed on April 7, 2020. Additional lawsuits were filed by other

-1-

On March 8, 2021, plaintiff filed suit against defendant, claiming defendant unreasonably refused to reimburse plaintiff for PIP benefits she was entitled to receive involving payment for expenses incurred for her treatment. Defendant moved for summary disposition, arguing plaintiff lacked standing and was not the real party in interest because she had assigned her right to recover to her medical providers. Plaintiff responded to the motion and attached three "revocations of assignments", executed by A One, Michigan Diagnostic, and TJ Medical. The "revocations" were signed only by the providers, not the plaintiff. And the only "revocation" that is dated is from Michigan Diagnostic, dated June 10, 2022, after the filing of the complaint.

The trial court granted defendant summary disposition under MCR 2.116(C)(6) and MCR 2.116(C)(10). The trial court reasoned that because plaintiff entered into assignments with medical providers, plaintiff was not the real party in interest and lacked standing to bring the lawsuit at the time it was filed. The trial court also found the assignments were irrevocable by their terms, the revocations were invalid, and plaintiff's claims were barred by the one-year-back rule. The trial court further held plaintiff was precluded from bringing suit because previous suits were brought in district court by her providers based on assignment, and to the extent Michigan Diagnostic filed its own suit, summary disposition was warranted under MCR 2.116(C)(6).

Defendant sought clarity on whether all of plaintiff's claims were barred, and for entry of a final judgment. The trial court granted defendant's motion and entered a final order dismissing all of plaintiff's claims. Plaintiff now appeals.

## II. STANDARD OF REVIEW

"We review de novo motions for summary disposition brought under MCR 2.116(C)(10)." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

A trial court's decision to grant summary disposition under MCR 2.116(C)(6) is reviewed de novo. *Valeo Switches & Detection Sys, Inc v EMCom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006). "Whether a party has standing presents a question of law that this Court reviews de novo." *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014). "Questions of statutory interpretation are also reviewed de novo." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). "The existence and interpretation of a contract are questions of law reviewed de novo." *Kloian v Domino's Pizza, LLC*, 273 Mich

---

medical providers, who are not involved in this appeal, against defendant involving medical bills related to this case.

-2-

App 449, 452; 733 NW2d 766 (2006). "Collateral estoppel and res judicata present questions of law reviewed de novo by this Court." *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019).

### III. ANALYSIS

Plaintiff argues the trial court erred by granting summary disposition because the revocations of the assignments were valid, and defendant lacks standing to challenge the validity of the revocations. Plaintiff's statement of the issue mischaracterizes the actual dispute in this case.

"Courts are not bound by the labels that parties attach to their claims." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 13; 930 NW2d 393 (2018) (quotation marks and citation omitted). "To determine the nature of the claim, we seek its gravamen, and therefore we disregard the labels given to the claim and instead read the complaint as a whole." *Meyers v Rieck*, 509 Mich 460, 469; 983 NW2d 747 (2022) (quotation marks and citation omitted). Defendant moved for summary disposition, arguing plaintiff lacked standing because she assigned her rights to file suit to the medical providers. The trial court found, to the extent plaintiff entered into assignments with providers, plaintiff lacked standing to pursue those claims. The gravamen of this case is whether plaintiff had standing to initiate this action in the first instance, not whether defendant had standing to challenge the validity of the revocations.

Under Michigan's no-fault act, MCL 500.3101 *et seq.*, PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). "The no-fault act allows injured claimants to pursue recovery of PIP benefits themselves or they may assign their right to recovery to their medical providers." *Wallace v Suburban Mobility Auth for Regional Transp*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360537); slip op at 2. "In determining whether an assignment has been made, the question is one of intent. A written agreement assigning a subject matter must manifest the assignor's intent to transfer the subject matter clearly and unconditionally to the assignee." *Burkhardt v Bailey*, 260 Mich App 636, 655; 680 NW2d 453 (2004) (quotation marks and citation omitted). "No particular form of words is required for an assignment, but the assignor must manifest an intent to transfer and must not retain any control or any power of revocation." *Id.* (quotation marks and citations omitted).

"When an assignment occurs, the assignee of a cause of action becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Farrar v Suburban Mobility Auth for Regional Transp*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 358872 and 358884); slip op at 4 (quotation marks and citation omitted). The real party in interest doctrine is a "standing doctrine," which "recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy." *Barclae v Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013) (citation omitted).

However, although the principle of statutory standing overlaps significantly with the real-party-in-interest rule, they are distinct concepts. The principle of

statutory standing is jurisdictional; if a party lacks statutory standing, then the court generally lacks jurisdiction to entertain the proceeding or reach the merits. In contrast, the real-party-in-interest rule is essentially a prudential limitation on a litigant's ability to raise the legal rights of another. [*In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013) (citations omitted).]

In *Farrar* we held that upon execution of valid assignment contracts with medical providers, the "providers became the real parties in interest with respect to their claims for benefits, and only they could sue to recover those benefits." *Farrar*, ___ Mich App at ___; slip op at 4. Thus, the plaintiff in *Farrar* did not have standing to sue. *Id*. at ___; slip op at 4.

This case is analogous to *Farrar*. Plaintiff executed assignments with A One, Michigan Diagnostic, and TJ Medical before bringing suit against defendant. When plaintiff executed those assignments, A One, Michigan Diagnostic, and TJ Medical became the real parties in interest in this matter, and plaintiff lost the ability to pursue claims related to those providers.[2] The parties do not contest the validity of the assignments, only the validity of the revocations. Because plaintiff executed valid assignments to medical providers before filing this case, plaintiff lacked standing to sue to recover benefits related to those providers.

The revocations of assignments do not affect whether plaintiff had standing to bring this suit. "[O]ne must be the real party in interest at the time the lawsuit is filed, and a retroactive, or *nunc pro tunc*, revocation may not be used to correct a factual problem that existed when the lawsuit was filed." *Wallace*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). Plaintiff has provided no evidence to suggest the revocations were effective before the date plaintiff filed this suit. Regardless of whether the revocations were validly executed, plaintiff lacked standing to initiate this suit due to the assignments being in affect at the time plaintiff filed her complaint.

Furthermore, plaintiff may not execute revocations of assignments to avoid application of the one-year-back rule. *Id*. MCL 500.3145(1) provides:

An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

"The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 202; 815 NW2d 412 (2012). Where revocations of assignments

---

[2] The trial court correctly held plaintiff's claims against additional providers, who are not the subject of this appeal, were barred because plaintiff lacked standing and is not the real party in interest. Plaintiff did not present revocations of assignments for these providers.

are obtained after a provider's right to collect on their claim has "already been extinguished by the one-year-back rule," there remains "no actionable causes of action to give back to plaintiff." *Wallace*, __ Mich App at __; slip op at 5. The motor vehicle accident here occurred on November 2, 2020. Michigan Diagnostic's revocation is dated June 10, 2022. When plaintiff obtained the revocation, Michigan Diagnostic did not have a valid claim, by operation of the one-year-back rule. The revocations of assignments for A One and TJ Medical are not dated.[3] It is unclear from the record whether the one-year-back rule precludes their claims. Regardless, plaintiff is not the real party in interest to pursue the claims.

## IV. CONCLUSION

Plaintiff is not the real party in interest because she assigned her rights to the medical providers before filing her complaint. Therefore, the trial court did not err in granting defendant summary disposition of plaintiff's claims. We affirm.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[3] The assignments to A One spanned November 18, 2020, through March 5, 2021 The assignment to TJ Medical was dated June 8, 2021. It is possible the revocations executed for these providers may coincide with the June 10, 2022 revocation obtained from Michigan Diagnostic, but the current record is inadequate to make this determination.

-5-