*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL WENNERS, DAVID CROSS, and
SALLY CROSS,

        Plaintiffs-Appellees,

v

MATTHEW D. CHISHOLM, AMY C. VOGEL,
also known as AMY C. CHISHOLM,

        Defendants,

and

MICHELE SHAUGHNESSY,

        Defendant-Appellant.

UNPUBLISHED
December 5, 2019

No. 345830
Washtenaw Circuit Court
LC No. 12-001197-CH

MICHELE SHAUGHNESSY,

        Plaintiff-Appellant,

v

UNKNOWN OWNERS OF PROPERTY
EXISTING BETWEEN WASHTENAW
COUNTY PARCEL NOS D-04-01-470-001, and
D-04-01-484-009

        Defendant,

and

MICHAEL WENNERS, DAVID CROSS, and
SALLY CROSS,

        Intervening Defendants-Appellees.

No. 345831
Washtenaw Circuit Court
LC No. 16-000519-CH

-1-

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In these consolidated appeals, Michele Shaughnessy appeals as of right the trial court's entry of final judgment following a bench trial. We affirm.

Michael Wenners and David and Sally Cross own properties on Portage Lake. Michele Shaughnessy owns a "back lot" by the lake, as do Mathew and Amy Chisolm. These matters involve the rights of the back lot owners over a strip of land located between the Wenners' and Cross' properties. The procedural history of these cases is somewhat tortuous and, ultimately, the trial court combined two separate cases into a single, combined bench trial. Recognizing that the two cases overlap to some degree in time and subject matter, we address each case in turn.

**Case No. 12-001197-CH**

This case commenced when Wenners/Cross filed a complaint seeking declaratory relief asserting that backlot property owners Matthew D. Chisholm, Amy C. Chisholm, Claudia M. Webb, and Mary J. Poirer "do not have the right to access Portage Lake passing over the parcel of land" between the Wenners/Cross properties, and that (1) the backlot property owners and subsequent owners do not have riparian rights in Portage Lake, (2) the backlot property owners and subsequent owners do not have the right to place a dock in the waters of Portage Lake, and (3) that the backlot property owners and subsequent owners do not have the right to moor a boat unattended in the waters of Portage Lake. The Chisholm defendants filed a motion for summary disposition and the trial court denied the motion.

After the filing of the complaint, Shaughnessy purchased the Webber/Poirer property. Wenners/Cross filed a First Amended Complaint for Declaratory Relief, reflecting the property transfer and substituting Shaughnessy as a named defendant. Shaughnessy filed a motion for summary disposition, and Wenners/Cross also filed a motion for summary disposition.

Meanwhile, the Chisholm defendants appealed the trial court's previous order denying their motion for summary disposition. On March 24, 2015, we dismissed the Chisholm appeal as moot[1] because those defendants, in a separate action, had obtained a default judgment against the actual, but unknown, owner or owners of the disputed strip of land. See *Wenners v Chisolm*, unpublished per curiam opinion of the Court of Appeals, issued March 24, 2015 (Docket No. 314938). We found that the issue was moot because the

---

[1] We originally denied leave to appeal. See *Wenners v Chisolm*, unpublished order of the Court of Appeals, entered November 27, 2013 (Docket No. 314938). Our Supreme Court issued an order directing us to consider the appeal as on leave granted. See *Wenners v Chisolm*, 496 Mich 854; 847 NW2d 245 (2014).

first amended complaint asked the court to declare that [the Chisholm defendants] did not have the right to use the [disputed strip], did not have riparian rights, and did not have the right to place a dock in the water or to moor boats unattended. The default judgment confirmed [the] prescriptive easement to riparian and water-access rights, thus resolving in [the Chisholm defendants'] favor the issues for which [plaintiffs] had sought declaratory relief. [*Id.* at 2.]

Evidently, Wenners/Cross were unaware that the Chisholm defendants had instituted the separate action against the unknown owners of the disputed property. Accordingly, they filed a complaint seeking relief from the default judgment in the separate action. Eventually, the Chisholm defendants and Wenners/Cross entered into a consent judgment that allowed the Chisholm defendants' rights of ingress and egress and the right to a seasonal dock.

After our decision, Shaughnessy renewed her motion for summary disposition. The trial court granted summary disposition in favor of Shaughnessy after concluding that Wenners/Cross lacked standing. We reversed, concluding that Wenners/Cross did in fact have standing to pursue their action for declaratory relief against Shaughnessy concerning Shaughnessy's use of the disputed property. See *Wenners v Chisolm*, unpublished per curiam opinion of the Court of Appeals, entered July 20, 2017 (Docket No. 332654) ("*Wenners I*"). We determined that, because Shaughnessy was not a party to the default judgment obtained by the Chisholm defendants against the unknown owner or owners of the disputed property, our March 24, 2015 decision did not preclude any determination whether Wenners/Cross had standing to proceed against Shaughnessy. *Id*. at 2. As to standing, we further found:

[P]laintiffs' interest in the issues presented in this lawsuit is sufficient to ensure sincere and vigorous advocacy, and that a declaratory judgment is necessary to guide the parties' future conduct in order to preserve legal rights. The parties' dispute has been ongoing for multiple years, and presents more than a merely hypothetical question. These parties have demonstrated an adverse interest necessitating the sharpening of the issues raised. Plaintiffs raise significant questions regarding what riparian rights defendant may exercise, and whether defendant's exercise of such riparian rights interfere with plaintiffs' own riparian rights. Because plaintiffs have a sufficient personal stake in the outcome of this litigation that differs from that of the general public, plaintiffs have standing to maintain this suit for declaratory judgment against defendant. The trial court erred in granting the motion for summary disposition based on a perceived lack of standing. [*Id.* at 4.]

We remanded for further proceedings consistent with our opinion. *Id*.

### Case No. 16-000519-CH

While the declaratory action was pending on appeal, Shaughnessy filed a complaint against the unknown owners of the disputed property, mimicking the legal strategy successfully pursued by the Chisholm defendants by seeking a prescriptive easement, including riparian rights, ingress and egress rights, and rights to install and remove a seasonal dock. The unknown

owners of the property defaulted. Wenners/Cross sought to intervene and the trial court permitted them to intervene.

Shaughnessy filed a motion for summary disposition against Wenners/Cross, arguing that the "unknown owners" had defaulted and that an immediate judgment should enter. Shaughnessy asserted that Wenners/Cross lacked capacity to sue, had not stated a claim on which relief could be granted, and had no valid defense to the action. The trial court eventually entered a default judgment against the unknown defendants. However, Wenners/Cross moved to vacate the default judgment, alleging fraud on account of Shaughnessy's intent "to use a Default Judgment against unnamed parties to prevent the Intervenors from even having their day in court." The trial court vacated the default judgment against the unknown owners and scheduled a combined trial with the related declaratory action.

At the conclusion of the May 4, 2018 bench trial, the trial court determined that this Court's July 20, 2017 decision in *Wenners I* held that Wenners/Cross had standing to challenge the alleged misuse of a neighboring property. The trial court further held that a 1992 affidavit (signed by Wenners and acknowledging that the previous owner of the Shaughnessy property had used the disputed strip for ingress and egress to the lake continuously over a period in excess of 30 years), combined with the testimony of Shaughnessy and Wenners, was sufficient to establish a prescriptive right of ingress and egress to the lake, but did not establish any prescriptive riparian right to construct a dock. Plaintiffs filed a proposed final judgment that provided that the Shaughnessy property "shall have the benefit of a prescriptive easement" over the disputed property, but also that

> [n]either Shaughnessy nor her successors in title at the Shaughnessy Property have acquired riparian rights as part of the right of ingress and egress and they are therefore enjoined from placing a dock extending from the end of the 18-foot strip, from permanently mooring any watercraft in Portage Lake in front of the 18-foot strip, and from using the 18-foot strip for any purpose other than ingress and egress to Portage Lake.

Shaughnessy objected to this proposed final judgment, arguing that the trial court "did NOT enjoin Shaughnessy from any activities on the strip which would be proper, permissible and within the rights of the owner of the strip, including Shaughnessy's exercise of riparian rights" and that the Wenners/Cross proposed final judgment was in bad faith and wrongfully expanded the trial court's judgment to include a permanent injunction prohibiting her use of riparian rights, which had no effect on either of the Wenners/Cross properties. Shaughnessy further argued that there was no legal basis for injunctive relief. Shaughnessy maintained that plaintiffs "do not have the legal right to control permissible uses of the neighboring property which would be legal, proper and acceptable if practiced by the Unknown Owners." At the hearing on Shaughnessy's objections to the proposed judgment, the trial court explained that its original ruling "didn't address future conduct" and that it was correct that the original decision "did not order that [Shaughnessy] not be able to put a dock out." However, the trial court held "[t]o the extent" that its "prior ruling did not address all the issues between the parties," that

> the Court of Appeals decision telling [the trial court] that Wenners and Cross have standing to complain about [Shaughnessy's] use of the property and not, not only

beyond a context of nuisance but even where nuisance wasn't plead [sic] in the case, [the trial court] has to assume that the Court of Appeals knew what it was looking at when there was no nuisance plead [sic]. And the Court of Appeals analyzed the law and told [the trial court] that, told all of us that Wenners and Cross have standing to bring their lawsuit as it is styled and plead to enjoin Ms. Shaughnessy from placing a dock in the water and exercising riparian rights. Given that context, [the trial court does not] think [it has] any choice but to grant the injunctive relief requested by Wenners and Cross and, and to order that Ms. Shaughnessy not place a dock.

Over Shaughnessy's objection, the trial court incorporated the proposed language establishing that Shaughnessy did not acquire riparian rights and enjoining her from placing a dock, permanently mooring watercraft, or from using the 18-foot strip for any purpose other than ingress or egress to Portage Lake. The trial court denied Shaughnessy's motion for reconsideration and denied a stay pending appeal. Shaughnessy now appeals.

**Analysis**

Shaughnessy first argues that the trial court could not grant prescriptive rights to waterfront property without also granting the prescriptive holder riparian rights. "Claims of riparian rights are common-law claims and they are, accordingly, reviewed de novo by our Court." *Holton v Ward*, 303 Mich App 718, 725; 847 NW2d 1 (2014).

"An easement by prescription is based upon the legal fiction of a lost grant, and results from action or inaction leading to a presumption that the 'true owner' of the land, by his acquiescence, has granted the interest adversely held." *Slatterly v Madiol*, 257 Mich App 242, 260; 668 NW2d 154 (2003) (quotation marks and citation omitted). "An easement by prescription results from use of another's property that is open, notorious, adverse, and continuous for a period of fifteen years." *Mulcahy v Verhines*, 276 Mich App 693, 699; 742 NW2d 393 (2007) (quotation marks and citation omitted). "The burden is on the party claiming a prescriptive easement to show by satisfactory proof that the use of the defendant's property was of such a character and continued for such a length of time that it ripened into a prescriptive easement." *Id*. A prescriptive easement "cannot be acquired to pass over a tract of land generally." *Manchester v Blaess*, 258 Mich 652, 655; 242 NW 798 (1932). Rather, the prescriptive right inures only to the actual portion of the property that the claimant adversely used for the statutory period and does not extend to additional property not used. See *Engel v Gildner*, 248 Mich 95, 99-100; 226 NW 849 (1929).

Shaughnessy's argument hinges on several cherry-picked excerpts from two Supreme Court decisions. In *Thies v Howland*, 424 Mich 282, 288; 380 NW2d 463 (1985), our Supreme Court stated that "[p]ersons who own an estate or have a possessory interest in riparian land enjoy certain exclusive rights" including "the right to erect and maintain docks along the owner's shore, and the right to anchor boats permanently off the owner's shore." In *Thompson v Enz*, 379 Mich 667, 686; 154 NW2d 473 (1967), our Supreme Court held that "riparian rights are not alienable, severable, divisible or assignable apart from the land which includes therein or is bounded by a natural watercourse," but that "easements, licenses and the like for a right of way for access to a watercourse do exist and ofttimes are granted to nonriparian owners." Notably,

*Thies* and *Thompson* both concern real estate development planning. Neither case implicates prescriptive easements. Moreover, we emphasize that nothing about the trial court's decision in this case actually alienated riparian rights from the abutting land, even though the ownership of that riparian land remains unknown. Because Shaughnessy concedes that she did not adversely use riparian rights associated with the land for the statutory period, the trial court correctly held that her prescriptive easement did not extend to that use. See *Engel*, 248 Mich at 99.

Next, Shaughnessy maintains that Wenners/Cross cannot challenge her conduct on the disputed property because that right belongs exclusively to the unknown owner(s). "Whether a party has standing presents a question of law that this Court reviews de novo." *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014). In our previous decision, we already decided that Wenners/Cross had standing to challenge Shaughnessy's rights in the disputed land between the Wenners/Cross properties. Accordingly, the law-of-the-case doctrine requires that we once again conclude that Wenners/Cross may challenge Shaughnessy's conduct on and use of the disputed property.[2] See *Loutts v Loutts*, 309 Mich App 203, 209-210; 871 NW2d 298 (2015).

Even assuming that our previous decision did not require this outcome, we would still hold that Wenners/Cross had a legal right to object to Shaughnessy's use of the disputed property and obtain injunctive relief. In *Morse v Colitti*, 317 Mich App 526, 536-537; 896 NW2d 15 (2016), we held that the possessor of an easement for purposes of ingress and egress on a particular piece of waterfront property "has a substantial interest in determining what rights . . . others had in building a dock and mooring a boat at the shore" of that waterfront property because that possessor "would be detrimentally affected in a manner different than the citizenry at large" and, as a result, had standing to challenge another person's erection of a dock. In this case, the record reflects that Wenners/Cross were more than adjacent property owners because each property benefits from a grant of ingress and egress on the disputed property as means for accessing each respective property. Accordingly, Wenners/Cross have standing to challenge Shaughnessy's use of riparian rights on that same property. See *id*.

Although not directly related to standing, Shaughnessy also argues at length that Wenners/Cross did not seek injunctive relief in their 2012 declaratory action and that their rights as neighboring property owners are limited to pursuing an action for nuisance. Despite Shaughnessy's attempts to recharacterize it, the trial court appropriately recognized that the 2012 declaratory action did not sound in nuisance and that Wenners/Cross had a legitimate legal basis for objecting to Shaughnessy's use of the disputed property without respect to whether that use constituted a nuisance. Moreover, the First Amended Complaint included not only a request for declaratory relief declaring that Shaughnessy did not possess riparian rights, but also sought "such other relief as the court shall deem equitable and just" under the circumstances. MCR 2.605(F), relating to declaratory judgments, provides that "[f]urther necessary or proper relief based on a declaratory judgment may be granted, after reasonable notice and hearing, against a

---

[2] Related to our previous decision, we note also that there is no merit to Shaughnessy's contention that the trial court misinterpreted our remand instructions.

party whose rights have been determined by the declaratory judgment." The parties had ample notice and opportunity to fully litigate whether an injunction was necessary and proper to support the trial court's declaratory relief and we will not disturb the trial court's conclusion that injunctive relief should issue. See *Bauerle v Bd of Rd Comm'rs for Charlevoix Co*, 34 Mich App 475, 481; 191 NW2d 509 (1971) (recognizing that "rights relating to water may be protected by means of injunction").

Affirmed.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto